IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY COLEMAN,

                                                  OPINION and ORDER

                Plaintiff,

                                                  13-cv-565-bbc

    v.

DEPUTY FOLTMAN, DEPUTY TILLSON
and DEPUTY HAWLEY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

When plaintiff Timothy Coleman was a prisoner in the Dane County jail, he filed this civil action under 42 U.S.C. § 1983, contending that defendant Deputies Foltman, Tillson and Hawley used excessive force against him at the jail.  Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act.  42 U.S.C. § 1997e(a).  After considering the briefing provided by the parties (including plaintiff's sur-reply, which he was not given permission to file but which I conclude is useful because it clarifies his position), I conclude that plaintiff failed to properly exhaust his administrative remedies.  Accordingly, I will grant defendants' motion for summary judgment and dismiss the case without prejudice.

From the evidence submitted by the parties, I find that the following facts are undisputed.

1

UNDISPUTED FACTS

At times relevant to this case, plaintiff Timothy Coleman was a prisoner at the Dane County jail. Plaintiff is proceeding on claims regarding an incident on August 5, 2013, in which he alleges that defendant deputies Foltman, Tillson and Hawley came to his cell, handcuffed plaintiff to the door, slammed him to the door and pepper sprayed him in the eyes for no reason.

Plaintiff filed a grievance with the jail about this incident. Lieutenant Bahler received the form on August 9, 2013, and assigned the grievance to Sergeant Reynolds for investigation. Reynolds investigated the matter and concluded that plaintiff had actively resisted the deputies, and their use of force was justified. He issued a response to the grievance on August 21, 2013, stating in part that:

> I asked you if you pulled your hands back in as the deputies were attempting to pull your hands out and you stated yes. I explained to you that by actively resisting deputies by pulling your handcuffed arms back in that deputies were authorized to deploy OC spray in or to gain compliance from you while you were resisting.

Reynolds checked the box "Exonerated" on the form. Plaintiff was given a copy of the response.

When prisoners are booked at the Dane County jail, they are given an inmate handbook. The handbook includes the jail grievance procedures. The procedures state that if a prisoner is not satisfied by the decision made on his grievance, he "may submit an appeal to the Jail Captain within five (5) business days of receiving [the] grievance decision," and that "[t]he Jail Captain is the final level of appeal." Plaintiff did not file an appeal following

his receipt of the decision.

The Dane County Sheriff's Office formal grievance system policy (a document distinct from the inmate handbook) describes the grievance process in more detail. It includes a provision stating, "A grievance against minor discipline is considered an appeal. The Jail Captain is the final level of appeal." This statement does not appear in the inmate handbook. The inmate handbook contains the following definition of "minor discipline":

> a violation of jail rules or behavior for which a minor penalty or penalties may be imposed. A minor penalty is a verbal or written reprimand, restriction of privileges for 24 hours or less, or placement in punitive segregation for 24 hours or less. Some, but not all examples of minor discipline are: loss of television, telephone, visitation, commissary, newspaper, church, recreation, walkman, games, etc., placement in time-out room, bunk restriction, lockdown, or segregation, assignment of extra duties (i.e., cleaning, etc.).

OPINION

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies are exhausted." 42 U.S. C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." Woodford v. Ngo, 548 U.S. 81 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002).

Section 1997e(a) requires "proper exhaustion," Woodford, 548 U.S. at 93; Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the

3

administrative process has failed to exhaust state remedies." <u>Pozo</u>, 286 F.3d at 1024.

Plaintiff does not deny that he filed only his initial grievance and failed to file a separate appeal following the decision exonerating the deputies of any wrongdoing. A failure to file an appeal would usually mean that the prisoner has failed to exhaust his administrative remedies. However, plaintiff argues that he *did* follow the correct procedure because his grievance constituted his appeal under the Sheriff's Office formal grievance system policy language stating, "A grievance against minor discipline is considered an appeal. The Jail Captain is the final level of appeal."

Defendants argue that this provision does not apply because plaintiff's grievance was not one against "minor discipline," and I agree. Plaintiff's grievance was about excessive force by defendants, not defendants' imposition of discipline on him described as "minor" in the handbook, such as loss of television, assignment of extra duties and the like. In addition, plaintiff should have been tipped off that his grievance was not being treated as a "minor discipline appeal" because a sergeant ruled on it, rather than the "Jail Captain."

In his sur-reply, plaintiff argues that the exhaustion rules were confusing and that he exhausted his remedies "to the best of his understanding." He thought that his grievance fit under the "minor discipline" procedure because defendants were exonerated on the ground that their use of force was considered justifiable as a form of "discipline." Although there are situations in which I might conclude that a prison staff's misleading comments or contradictory procedures excuse a prisoner from the exhaustion requirement, <u>see, e.g.</u>, <u>Westefer v. Snyder</u>, 422 F.3d 570, 580 (7th Cir. 2005) (when prison officials fail to "clearly

4

identif[y]" proper route for exhaustion, they cannot later fault prisoner for failing to predict correct choice), this is not one of those situations. Nothing in Reynolds's response to plaintiff's grievance suggests that defendants' use of force was meant to "discipline" plaintiff, that Reynolds contradicted the official policy's definition of "minor discipline" or that the "minor discipline" procedure would apply to plaintiff's grievance. Between Reynolds's response and the relatively clear-cut regulations at issue here, plaintiff can fault no one but himself for his confusion over the proper grievance procedure. Because plaintiff did not utilize the proper appeal process, I conclude that he has failed to properly exhaust his administrative remedies, so the case must be dismissed.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendant Deputies Foltman, Tillson and Hawley, dkt. #14, is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for plaintiff Timothy Coleman's failure to exhaust his administrative remedies.

2. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 20th day of May, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge